**United States District Court**
For the Northern District of California

1

2

3

4

5

6                     IN THE UNITED STATES DISTRICT COURT

7                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   F.G. CROSTHWAITE and RUSSEL E.                    No. C 10-03939 WHA
     BURNS, in their respective capacities as
11   Trustees of the OPERATING
     ENGINEERS' HEALTH AND WELFARE
12   TRUST FUND FOR NORTHERN                           **ORDER GRANTING**
     CALIFORNIA, PENSION TRUST FUND                    **PLAINTIFFS' MOTION FOR**
13   FOR OPERATING ENGINEERS,                          **DEFAULT JUDGMENT AND**
     PENSIONED OPERATING ENGINEERS'                    **REQUIRING DEFENDANT**
14   HEALTH AND WELFARE TRUST                          **TO SUBMIT TO AN AUDIT**
     FUND; and OPERATING ENGINEERS'
15   LOCAL UNION NO. 3,

16              Plaintiffs,

17      v.

18   BAY CITIES CONCRETE PUMPING,
     INC.,
19
20              Defendant.
     _____/
21

22                          **INTRODUCTION**

23          In this ERISA enforcement action, plaintiffs F.G. Crosthwaite and Russell E. Burns, in

24   their respective capacities as Trustees of the Operating Engineers' Health & Welfare Trust Fund

25   for Northern California; Pension Trust Fund for Operating Engineers; Pensioned Operating

26   Engineers' Health and Welfare Trust Fund, and Operating Engineers Local 3, move for an entry

27   of default judgment against defendant Bay Cities Concrete Pumping, Inc.  For the following

28   reasons, the motion is **GRANTED**.

**STATEMENT**

Plaintiffs, F.G. Crosthwaite and Russell E. Burns, in their respective capacities as Trustees of the Operating Engineer's Health & Welfare Trust Fund for Northern California, Pension Trust Fund for Operating Engineers, Pensioned Operating Engineers' Heath and Welfare Trust Fund and Operating Engineers Local 3, bring this motion for a default judgment against defendant Bay Cities Concrete, Pumping, Inc.  The Operating Engineer's Health & Welfare Trust Fund for Northern California, Pension Trust Fund for Operating Engineers, and Pensioned Operating Engineers' Heath and Welfare Trust Fund are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974.  Operating Engineers Local Union No. 3 is a labor organization as defined by the National Labor Relations Act (Compl. ¶¶ 2–3).

Plaintiffs allege that "[t]he union and defendant entered into a collective bargaining agreement requiring employer contributions to the Plaintiff Funds, to the union for union dues and to bargained plans" (*id.* ¶ 10).  The bargained plans are funds defendant was required to make contributions into under the collective bargaining agreement.  Defendant allegedly failed to comply with plaintiffs' request for payment of delinquent contributions reported between June 2009 and September 2009, as well as liquidated damages and interest for delinquent contributions for the period of July 2006 through May 2009.  Defendant allegedly failed to submit reports or payment for work performed between October 2009 and December 2010.

Plaintiffs filed this action in September 2010.  Proper service was made and proof of service was filed.  Defendant is a corporation and therefore not a minor or incompetent person. Pursuant to plaintiffs' request, the Clerk entered defendant's default in October 2010.  Defendant was served with a copy of plaintiffs' request for entry of default and did not reply.  Nor did defendant respond to the Clerk's notice of entry of default.  Defendant has failed to plead, defend, or appear (Dkt. No. 26 at 3).

**ANALYSIS**

A defendant must serve an answer within 21 days of being served with a summons and complaint.  FRCP 12(a)(1)(A)(i).  After entry of default, a plaintiff may apply for a default judgment against a defendant that has failed to plead or otherwise defend.  FRCP 55(b)(2).  The

*United States District Court*
For the Northern District of California

2

<div style="float:left">**United States District Court**<br>For the Northern District of California</div>

1  trial court has discretion to grant or deny the application, but default judgments are generally

2  disfavored.  Factors that may be considered in deciding whether to enter default judgment include

3  the following:  (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's

4  substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the

5  action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due

6  to excusable neglect; and (7) the strong policy favoring decisions on the merits.  *Eitel v. McCool*,

7  782 F.2d 1470, 1471–72 (9th Cir. 1986).  For the following reasons, each of these factors favors

8  entry of default judgment against defendant.

9       **1.    *EITEL* FACTORS.**

10      *First*, if the motion were denied, plaintiffs may be unable to recover and provide the

11  contributions owed to beneficiaries and members of the pension fund.  Failure to enter a default

12  judgment therefore would result in prejudice to plaintiffs.

13      *Second*, the complaint is sufficient to support entry of a default judgment.  Judgment by

14  default cannot be entered if the complaint fails to state a claim.  *See Moore v. United Kingdom*,

15  384 F.3d 1079, 1090 (9th Cir. 2004).  In the instant action, plaintiffs claim that defendant violated

16  Section 515 of ERISA by failing to pay contributions or provide audit reports pursuant to the

17  terms of the collective bargaining agreement (Dkt. No. 26 at 2).  These allegations are sufficient

18  to state a claim under FRCP 8(a).

19      *Third*, the sum of money at stake is relatively small.  In general, the fact that a large sum

20  of money is at stake is a factor disfavoring default judgment.  *See Eitel*, 782 F.2d at 1472 (stating

21  that the fact that $2,900,000 was at stake, when considered in light of the parties' dispute as to

22  material facts, supported the court's decision not to enter judgment by default).  In the instant

23  case, plaintiffs have asked for a total of $11,077.17 in damages.  This sum is a far cry from

24  the $2,900,000 sum contemplated in *Eitel*.  Because the sum of money at stake is modest, this

25  factor weighs in favor of entering a default judgment.

26

27

28

3

*Fourth*, there is no dispute of material fact.  Indications that there is a dispute of material fact weigh against entry of default judgment.  *Eitel*, 782 F.2d at 1471–72.  Here, defendant has not disputed any of plaintiffs' contentions, and all material facts pled in the complaint are verifiable.

*Fifth*, it is unlikely that default was the result of excusable neglect.  This action was filed six months ago and defendant has been properly served (Dkt. No. 26 at 3).  Defendant is aware of the payment obligations for which it is responsible.

*Sixth*, although federal policy generally disfavors the entry of a default judgment, here all of the *Eitel* factors weigh in favor of a default judgment.  The motion to enter default judgment is, therefore, **GRANTED**.

### 2.    DAMAGES.

Plaintiffs' action is based on the statutory duty provided by ERISA Section 515, which states that an employer who is obligated to make contributions to a multiemployer plan must do so in accordance with the terms and conditions of such plan or such agreement.  29 U.S.C. 1145. Section 502(g) of ERISA states that in an action to enforce Section 1145, the court *shall award* the plan unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorney's fees and costs, and equitable relief as the court deems appropriate. 29 U.S.C. 1132(g)(2).

Plaintiffs seek interest on delinquent and unpaid contributions, as well as liquidated damages, attorneys fees, and costs in the total amount of $11,077.17 (Dkt. No. 26 at 2).  Our court of appeals has held:

> Section 1132(g)(2) of ERISA provides that when there is a judgment in favor of an employment benefit trust, the court shall award the trust unpaid contributions, interest on unpaid contributions, liquidated damages in some instances, and reasonable attorney fees.  The language "shall award" denotes that such an award is mandatory.  While attorney's fees are discretionary in the case of many ERISA claims, we have recognized on numerous occasions that attorney's fees are not discretionary in section 1132(g)(2) cases.

*Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1342 (9th Cir. 1988) (citations omitted).  Plaintiffs are, therefore, entitled to the award of unpaid contributions and interest as well as attorneys' fees and costs.

United States District Court

For the Northern District of California

4

1    Plaintiffs also request that defendant submit to an audit of its records for the period of

2  January 1, 2008, through the date of inspection and make payment of any resulting employee

3  benefit contributions found due and unpaid.  This is equitable relief as contemplated by

4  Section 1132(g)(2).  Pursuant to the terms of the trust agreement, plaintiffs are entitled to a yearly

5  audit which defendants have not conducted (Hayner Exh. C).  This order finds that plaintiffs are

6  entitled to the audit reports and any unpaid contributions discovered therefrom, subject to proof.

7    This order next considers whether plaintiffs are entitled to liquidated damages.  In order to

8  award statutory liquidated damages in the Ninth Circuit, (1) the fiduciary must obtain a judgment

9  in favor of the plan, (2) unpaid contributions must exist at the time of suit, and (3) the plan must

10  provide for liquidated damages.  Once the provision applies, liquidated damages are mandatory.

11  *Idaho Plumbers & Pipe Fitters Health and Welfare Fund v. United Mech. Contractors, Inc.*,

12  875 F.2d 212, 215 (9th Cir. 1989).

13    Here, all three requirements for liquidated damages are satisfied.  Contributions for the

14  months of June 2009 through September 2009 were unpaid, and remain unpaid to date (Dkt.

15  No. 26 at 5).  Contributions for the period of October 2009 through December 2010 were not

16  reported or paid.  Furthermore, the agreement between plaintiffs and defendant provided for

17  liquidated damages (Hayner Exh. A at 5).  Plaintiffs should, therefore, be awarded liquidated

18  damages in the amount of $676. 90.  Thus, plaintiffs are entitled to an award of unpaid

19  contributions and interest, liquidated damages, and attorneys' fees and costs in the total amount

20  of $11,077.17.

21    This order follows full briefing and a hearing on the motion.  At the March 31 hearing,

22  Steve Beasley and Randy Beasley, principals for defendant corporation, appeared for the first

23  time in this action without a lawyer.  The Beasleys admitted that defendant owed plaintiffs the

24  funds at issue in this litigation.  When asked why defendant had not made an appearance before

25  this time, the Beasleys stated that they had been and still were financially "overwhelmed"and

26  unable to pay.  If defendant could show a meritorious defense, the court would set aside the

27  default and allow the litigation to be adjudicated on the merits, but this has not been done, so

28  there is no choice but to grant the motion.

**CONCLUSION**

The order to show cause is discharged.  Plaintiffs' motion for entry of default judgment is **GRANTED** in the amount of $11,077.17.  Judgment will be entered accordingly.  Defendant also is **ORDERED** to submit to an audit of its records for the period of January 1, 2008, through date of inspection and to make payment of any resulting employee benefit contributions found due and unpaid.  The audit shall be conducted by **MAY 5, 2011**.  For the Court's contempt power to apply to this injunction, defendants must "receive actual notice of it by personal service or otherwise." FRCP 65(d)(2).  Plaintiffs are instructed to provide proper service of this order, by personal service, no later than **APRIL 21, 2011**.  Plaintiffs also shall file a copy of the proof of service.

**IT IS SO ORDERED.**

Dated:  April 6, 2011

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE